UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIAS HAILU, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 24-cv-02575 (APM) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.**

Pro se Plaintiff Elias Hailu is a former inmate of the D.C. Department of Corrections. On September 5, 2024, Plaintiff filed the instant lawsuit against the District of Columbia, alleging that during his incarceration he was not allowed to attend, or otherwise prevented from attending, weekly Islamic religious services.

Now before the court is Defendant's Motion to Dismiss Plaintiff's Complaint for Want of Prosecution. *See* Def.'s Mot. to Dismiss [hereinafter Def.'s Mot.], ECF No. 18. For the reasons that follow, the court grants Defendant's motion.

**I.**

Federal Rule of Civil Procedure 41(b) permits a defendant to "move to dismiss the action or any claim against it" when "the plaintiff fails to prosecute or to comply with these rules or a court order." Dismissal for want of prosecution "is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (upholding dismissal of action for want of prosecution where the plaintiff's lack of diligence and non-compliance with court

directives caused repeated discovery and trial delays). A dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Plaintiff has demonstrated a lack of diligence in prosecuting his case. To date, Plaintiff has failed to comply with two of this court's orders. On March 31, 2025, after Defendant answered the complaint, ECF No. 11, this court filed an Order setting an Initial Scheduling Conference for May 8, 2025, Order, ECF No. 12. That Order required Plaintiff to meet and confer with Defendant to file the joint report required under Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f). *Id*. at 1. Plaintiff failed to satisfy this obligation, despite Defendant's multiple attempts to reach him by both mail and e-mail. Def.'s Mot., Def.'s Mem. of P&A in Supp. of Def.'s Mot. [hereinafter Def.'s Mem.], ECF No. 18-1, at 1–2, *see also* Def.'s Mot, Exs. 1–3. Plaintiff thereafter failed to appear for the Initial Scheduling Conference on May 8, 2025.

The court then entered a discovery schedule under which the parties were to exchange initial disclosures by May 12, 2025, and submit a Joint Status Report regarding the status of discovery by June 26, 2025. Order, ECF No. 14. Plaintiff failed to make the required disclosures by the deadline or participate in preparing the Joint Status Report, notwithstanding Defendant's multiple attempts to connect with him by mail and e-mail. Def.'s Mem. at 2; *see also* Def.'s Mot., Exs. 4–5.

As a result of Plaintiff's lack of diligence, Defendant filed the instant motion on June 26, 2025. The court subsequently entered an Order advising Plaintiff to respond to the motion by August 1, 2025, or risk having this matter dismissed. Order, ECF No. 19. Plaintiff filed no response.

Given Plaintiff's failure to prosecute this case, including his multiple violations of court orders and missed deadlines, the court grants Defendant's motion.

2

**III.**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint for Want of Prosecution, ECF No. 18, is granted.  This matter is hereby dismissed.  A final, appealable order accompanies this Memorandum Opinion.

Dated:   August 7, 2025

Amit P. Mehta
United States District Judge